■ In the Matter of JENNIFER TABB, Petitioner, v NEW YORK STATE OFFICE OF COURT ADMINISTRATION et al., Respondents. [49 NYS3d 623]—Determination of respondents, dated September 15, 2015, as amended on February 11, 2016, which denied petitioner's appeal of her placement on involuntary leave from her position as a court officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Barbara Jaffe, J.], entered on or about December 22, 2015), dismissed, without costs.

The determination that petitioner was incapacitated from employment is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-182 [1978]), including the testimony and report of a forensic psychiatrist.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Renwick, J.P., Richter, Manzanet-Daniels and Feinman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRINAE ROMAINE, Appellant. [51 NYS3d 72]—Judgment, Supreme Court, New York County (Melissa C. Jackson, J.), rendered April 22, 2014, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing her to five years' probation, and ordering her to pay restitution, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Moreover, the evidence of defendant's guilt was overwhelming. There is no basis for disturbing the jury's credibility determinations. The evidence lacked any reasonable explanation other than that defendant, who was motivated to steal the victim's phone because it contained a damaging recording of defendant, used pepper spray on the victim for the purpose of stealing the phone, and stole it as part of a single incident.

Even if the court improvidently exercised its discretion when it denied defendant's request to introduce extrinsic evidence of an alleged prior inconsistent statement made by the victim, any error in the court's ruling was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). Concur—Renwick, J.P., Mazzarelli, Manzanet-Daniels, Feinman and Webber, JJ.